NUMBER 13-99-799-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 


JOE LONGORIA , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 24th District Court

of Victoria County, Texas.

___________________________________________________________________ 



O P I N I O N

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Chief Justice Seerden

 

 Joe Longoria, appellant, pleaded guilty to murder pursuant to a plea bargain and was sentenced to ninety-nine years
imprisonment. Tex. Penal Code Ann. § 19.02 (b) (Vernon 2000). By a single issue, appellant contends he was not afforded
effective assistance of counsel. 

 To demonstrate that he was not afforded effective assistance of counsel, appellant must show that: (1) counsel's
performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) there is a
reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.
See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999). We apply a strong presumption that counsel's actions fell within the wide range of
reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

 Appellant argues that since counsel advised him to plead guilty and accept a ninety-nine year sentence, he received no
appreciable benefit from having entered his plea because the ninety-nine year sentence is "the maximum prison term
available" for murder. However, our review of the record indicates that appellant received other benefits from the plea
bargain. As part of that agreement, the State abandoned one of its enhancement paragraphs against appellant. Moreover,
the State agreed to have appellant's sentence on this charge run concurrently with another ninety-nine year sentence
imposed for aggravated assault in a different cause arising in Calhoun County, Texas. 

 In short, appellant is challenging the negotiating tactics employed by counsel. As noted above, however, appellant did
receive benefits from the bargain obtained by counsel. There is no evidence in the record before us to indicate that a better
deal was possible. 

 Based on the record before us, we conclude that counsel's actions inured to appellant's benefit and did not fall beyond the
range of professional competence. 

 Appellant's issue is overruled. 

 The judgment of the trial court is AFFIRMED. 





 

 ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 31st day of August, 2000.